UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MARISSA CLARKE,**

    **Plaintiff,**

vs.                                          CASE NO. 1:19-cv-20492-DPG

**STARBUCKS COFFEE COMPANY
d/b/a STARBUCKS CORPORATION,
a Foreign Profit Corporation,**

    **Defendant.**

_____/

**DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant STARBUCKS COFFEE COMPANY d/b/a STARBUCKS CORPORATION ("Defendant" or "Starbucks"), by and through its undersigned counsel and pursuant to Rule 12, the Federal Rules of Civil Procedure, respectfully files its Answer and Statement of Defenses to the Complaint of Plaintiff MARISSA CLARKE ("Plaintiff"), and responding to each consecutively numbered paragraph of the Complaint, states as follows:

1. Defendant admits Plaintiff has brought claims pursuant to 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"); however, Defendant denies any wrongdoing and further denies Plaintiff is entitled to any of the relief whatsoever.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies those allegations.

3. Defendant admits it is a Washington corporation authorized to conduct business in Florida, including in Miami-Dade County, Florida. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits venue is proper in the Middle District of Florida; however, Defendant denies any wrongdoing and further denies Plaintiff is entitled to any of the relief whatsoever.

5. Defendant denies the allegations in Paragraph 5 of the Complaint as they are legal conclusions that require neither an admission nor denial.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. Defendant admits, upon information and belief, that Plaintiff is an African-American Black female. Defendant denies the allegations in Paragraph 6 of the Complaint as they are legal conclusions that require neither an admission nor denial.

7. Defendant admits, in November 2014, Plaintiff was employed in New York State as a Shift Supervisor. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits, in June 2017, Plaintiff transferred to the Aventura Mall store in Florida.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that, with the change from the New York City pay market to the comparatively lower pay market in Florida, an automatic pay adjustment was made at the time of Plaintiff's transfer, consistent with the new pay market. Defendant denies that the adjustment in Plaintiff's pay constituted disparate treatment.

11. Defendant admits store supervisors are required to complete food protection and certification classes. Defendant denies the remaining allegations or implications contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits store supervisors are required to complete food protection and certification classes. Defendant denies the remaining allegations or implications contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits Plaintiff was terminated on March 28, 2018 for violating Starbucks Perks for Partners policy by engaging in actions constituting theft. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits Plaintiff was terminated on March 28, 2018 for violating Starbucks Perks for Partners policy by engaging in actions that constituted theft. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits any documents filed with and/or sent from the EEOC speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies those allegations.

21. Defendant admits any documents filed with and/or sent from the EEOC speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies those allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, denies those allegations.

23. Upon information and belief, Defendant admits that Plaintiff has retained the counsel identified in the Complaint. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint, and denies that Plaintiff is entitled to attorneys' fees or to any other relief whatsoever.

## COUNT I
## Alleged Race Discrimination in Violation of 42 U.S.C. § 1981

24. Defendant realleges its responses to paragraphs 1 to 23 above as if set forth in full herewith.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint as they are legal conclusions that require neither an admission nor denial.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies discriminating against Plaintiff and therefore, denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies discriminating against Plaintiff and therefore, denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Upon information and belief, Defendant admits that Plaintiff has retained the counsel identified in the Complaint. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint, and denies that Plaintiff is entitled to attorneys' fees or to any other relief whatsoever.

Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph, following paragraph 35, including subparts (a) through (f) of the Complaint, or to any other relief from Defendant.

## COUNT II
### Alleged Race Discrimination in Violation of the FCRA

36. Defendant realleges its responses to paragraphs 1 to 23 above as if set forth in full herewith.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint as they are legal conclusions that require neither an admission nor denial.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies discriminating against Plaintiff and therefore, denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies discriminating against Plaintiff and therefore, denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint

Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph, following paragraph 46, including subparts (a) through (f) of the Complaint, or to any other relief from Defendant.

### COUNT III
### Alleged Discrimination based on Race and Color in Violation of Title VII of Civil Rights Act of 1964

47. Defendant realleges its responses to paragraphs 1 to 23 above as if set forth in full herewith.

48. Defendant responds that 42 U.S.C. § 2000e-2(a) of the Civil Rights Act of 1964 speaks for itself and requires neither an admission nor denial.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits that it adheres to an Anti-Harassment and Discrimination policy which strictly prohibits, *inter alia*, discrimination on the basis of protected status, including race and color directed at any Starbucks partner, vendor, or customer.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial on all issues triable in Plaintiff's Complaint. Defendant denies that any case or controversy exists so as to entitle Plaintiff to a trial by jury, and denies any liability or wrongdoing or that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## STATEMENT OF DEFENSES

As separate defenses, and without conceding Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has not exhausted her administrative remedies.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent they were not raised in a timely charge of discrimination before the Equal Employment Opportunity Commission, Florida Commission on Human Relations, or other appropriate agency.

**FOURTH DEFENSE**

Discovery will show that all employment actions taken by Defendant with respect to Plaintiff were based on legitimate, non-discriminatory reasons, namely, that Plaintiff was terminated for violating Starbucks Perks for Partners policy by engaging in actions that constituted theft.

**FIFTH DEFENSE**

At all times relevant hereto, Plaintiff was treated in a manner consistent with similarly-situated persons.

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that, if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused him harm, any such actions were committed outside the scope or course of the employee's employment and without Defendant's consent, knowledge or ratification.

**SEVENTH DEFENSE**

Defendant has made good faith efforts to prevent discrimination in the workplace, and thus cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to Defendant's efforts to comply with anti-discrimination statutes.

**EIGHTH DEFENSE**

Plaintiff's discrimination claim, and/or any claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm, and/or because Defendant took prompt, remedial action with regard to any alleged discrimination properly reported by Plaintiff.

**NINTH DEFENSE**

Even if any decision concerning Plaintiff's employment was based in part on unlawful reasons, which it was not, Defendant would have reached the same decision with regard to Plaintiff's employment even in the absence of such factor(s).

**TENTH DEFENSE**

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

**ELEVENTH DEFENSE**

Plaintiff's Complaint fails to state a claim for compensatory damages, liquidated damages, punitive damages, monetary damages, equitable relief, declaratory relief, interest or other damages or relief, including attorneys' fees and costs.

**TWELVTH DEFENSE**

If Plaintiff has been damaged as alleged (which Defendant denies), such damages were caused by her own acts or failure to act, or were caused in whole or in part by factors other than those enumerated in the Complaint.

**THIRTEENTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to reasonably mitigate her damages. Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) Plaintiff did or could have earned through reasonable efforts.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that discovery shows Plaintiff engaged in misconduct, fraud or other conduct prior to, during, or in connection with her employment, that otherwise would have resulted in her discharge if such conduct was then known to Defendant.

Any remedy otherwise available to Plaintiff in this action is limited by the after-acquired evidence doctrine.

### FIFTEENTH DEFENSE

Defendant has made good-faith efforts to prevent and correct promptly any alleged discrimination in its workplace, and thus cannot be liable for the decisions of its agents, or for punitive or liquidated damages, to the extent that the challenged employment decisions were contrary to its efforts to comply with any anti-discrimination statutes.

### SIXTEENTH DEFENSE

To the extent any actions taken by Defendant regarding Plaintiff were taken in good faith, in accordance with Defendant's internal policies, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights, Defendant did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages.

### SEVENTEENTH DEFENSE

Without admitting any of the allegations contained in the Complaint, Plaintiff's damages are limited by any applicable statutory caps.

### RESERVATION

Defendant reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant requests

1. That judgment be entered in favor of Defendant and against Plaintiff;
2. That the Complaint be dismissed with prejudice;
3. That Defendant be awarded its costs; and

4. That Defendant be granted such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: February 13, 2019 | Respectfully submitted, |
| | LITTLER MENDELSON, P.C. |
| BY: | */s/ Kimberly J. Doud*<br>Kimberly J. Doud, Esquire<br>Fla. Bar No.: 523771<br>Email: kdoud@littler.com |
| | Nancy A. Beyer, Esquire<br>Fla. Bar No.: 059688<br>Email: nbeyer@littler.com |
| | 111 North Magnolia Ave., Suite 1250<br>Orlando, FL 32810<br>Telephone:  407.393.2900<br>Facsimile:  407.393.2929 |
| | Counsel for Defendant |

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 13th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:  Peter M. Hoogerwoerd, Esquire, Nathaly Lewis, Esquire, Carlos D. Serrano, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, FL 33130 email: phm@rgpattorneys.com; nl@rgpattorneys.com and cs@rgpattorneys.com.

*/s/ Kimberly J. Doud*
Kimberly J. Doud, Esq.

FIRMWIDE:162444382.1 055187.1095